16TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. MARY

STATE OF LOUISIANA

NO. **125197**                                        DIVISION "A"

CYNTHIA LANDRY

VERSUS

PINNACLE HEALTH FACILITIES OF LOUISIANA, LLC
D/B/A MORGAN CITY HEALTH CARE CENTER

FILED: SEP 24 2012

JENNIFER R. SPLANE

DEPUTY CLERK

## PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Petitioner, CYNTHIA

LANDRY, a person of the full age of majority and resident of the Parish of St. Mary, State of

Louisiana, who respectfully avers as follows:

1.

Named as defendant herein is:

**PINNACLE HEALTH FACILITIES OF LOUISIANA, LLC D/B/A MORGAN
CITY HEALTH CARE CENTER,** a Foreign Limited Liability Company
authorized to do and doing business in the Parish of St. Mary, State of Louisiana
(hereinafter "MCHCC").

2.

The named defendant is indebted to petitioner, CYNTHIA LANDRY, for such damages

as are reasonable in the premises, together with legal interest from date of judicial demand until

paid and for all costs of these proceedings, by reason of the following:

3.

At all material times herein, Petitioner, CYNTHIA LANDRY, is the child and heir of

decedent, KATHRYN BARRAS.

4.

At all material times herein, Defendant, PINNACLE HEALTH FACILITIES OF

LOUISIANA, LLC, is the owner and operator of the MORGAN CITY HEALTH CARE

CENTER.

5.

Ms. Barras was admitted to The Morgan City Health Care Center on or about June 27,

2011 so that she could receive around the clock care, supervision and assistance to prevent injury

due to weakness caused by severe malnutrition, to monitor and control her pain and other health

**EXHIBIT**

"A"

problems and to provide nutritional aid and monitoring due to malnutrition.

6.

At all material times herein, Ms. Barras was unable to move without the assistance of the MCHCC staff.

7.

On or about the morning of August 25, 2011, Ms. Barras was placed in a wheelchair to be brought for her shower, but left unattended for some period of time by the nurse/assistant.

8.

When the nurse/assistant returned at approximately 0920, Ms. Barras was found lying on the floor with her wheelchair turned over.

9.

Although the nursing notes indicate that Ms. Barras' doctor was notified by fax and that SouthernCare Hospice was also notified at the time of the fall, there is no record of any fax to the doctor in MCHCC's records or the doctor's records and SouthernCare Hospice's records specifically note that MCHCC "never reported PT fell backwards in W/C today" until their visit later that afternoon.

10.

MCHCC records indicate "two bruises noted to back of head ... c/o back hurting and stomach, small dime size redness on back...."

11.

At 0510 on August 26, 2011, twenty hours after her fall, Ms. Barras was found dead in bed.

12.

On August 13, 2012, Petitioner timely filed a request with the Louisiana Commissioner of Administration's Office to convene a Medical Review Panel, and received notice from the Patients Compensation Fund on September 12, 2012 and the Division of Administration, Medical Review Panel on September 17, 2012 that defendant was not a qualified healthcare provider and therefore not covered by the medical malpractice procedures set forth in LaRS 4:1299.41 *et seq.*

13.

A legal cause of the injuries described above was the negligence and fault of defendant, PINNACLE HEALTH FACILITIES OF LOUISIANA, LLC D/B/A MORGAN CITY HEALTH

CARE CENTER, which negligence and fault consisted of the following non-exclusive particulars:

1. Failure to provide proper and adequate physical care, assistance, and supervision;

2. Failure to provide proper and adequate medical care and assistance;

3. Failure to adequately assess, monitor and supervise Ms. Barras;

4. Failure to recognize a developing medical emergency;

5. Failure to intervene during the development of a medical emergency;

6. Failure to provide adequate care, assistance and supervision following Ms. Barras' fall; and

7. Any and all other acts or omissions constituting negligence or fault which may be proven at the trial of this action or discovered prior thereto.

14.

Petitioner, CYNTHIA LANDRY, brings this action pursuant to Louisiana Civil Code Articles 2315, 2315.1 and 2315.2 as a wrongful death and survival action on behalf of her mother, KATHRYN BARRAS.

15.

By reason of the above described circumstances, Petitioner, CYNTHIA LANDRY, is entitled to recover such general and special damages as are reasonable in the premises including, but not necessarily limited to, the following:

a) Decedent's physical pain and suffering and mental anguish prior to death;

b) Decedent's medical and funeral expenses;

c) Plaintiff's mental anguish;

d) Past, present and future loss of love, affection, companionship and society;

e) Funeral expenses.

**WHEREFORE,** Petitioner, CYNTHIA LANDRY, respectfully prays that,

I. The named defendant, **PINNACLE HEALTH FACILITIES OF LOUISIANA, LLC D/B/A MORGAN CITY HEALTH CARE CENTER,** be duly served with a certified copy of this Petition for Damages and cited to appear and answer same within fifteen (15) days of such service;

II. After all due delays and legal proceedings are had, there be judgment rendered in favor of Petitioner and against Defendant for all damages as are reasonable in the premises,

together with legal interest from date of judicial demand until paid, and for all costs of these

proceedings; and

III.    For all general and equitable relief.

Respectfully submitted,

CHARLES C. BOURQUE, JR. (#20118)
CHRISTOPHER ST. MARTIN (#26122)
JOSEPH G JEVIC III (LSBA 23145)
ADAM J. TRIPLETT (#32058)
ST. MARTIN & BOURQUE
4084 Highway 311
Houma, Louisiana 70360
Telephone: (985)876-3891
Attorney for Plaintiff

PLEASE SERVE:

**PINNACLE HEALTH FACILITIES OF LOUISIANA, LLC**
**D/B/A MORGAN CITY HEALTH CARE CENTER**
Through their agent for service of process:

National Registered Agents, Inc.
1011 North Causeway Blvd., Suite 3
Mandeville, LA 70471

CLERK'S OFFICE, FRANKLIN, LA
SEP 24 2012
A true copy of the original
Attest _____
Dy. Clerk of Court

A FACSIMILE OF THIS PETITION
WAS RECEIVED AND FILED ON
_____ SEP 20 2012

RECEIVED AND FILED
SEP 24 2012
_____
Dy. Clerk of Court